BRANDON H. STROY (SBN 289090)
bstroy@maynardcooper.com
ALEXANDRA DRURY (SBN 291920)
adrury@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 646-4700
Facsimile:  (205) 254-1999

Attorneys for Defendants MediaTek Inc. and MediaTek USA Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WIRELESS SWITCH IP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIATEK INC., MEDIATEK USA INC., SEEED DEVELOPMENT LIMITED, and SEEED INC.,<br><br>Defendants. | Case No. 3:17-cv-4232-JD<br><br>**MEDIATEK USA INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Defendant MediaTek USA Inc. ("MediaTek USA") answers "Wireless Switch IP, LLC's Complaint for Patent Infringement" ("Complaint") as follows, denying all allegations and averments therein except as to that which is expressly admitted herein, using the same headings and numbering as in the Complaint.

### <u>NATURE OF THE ACTION</u>

1.      MediaTek USA admits that Plaintiff's Complaint purports to state a cause of action for patent infringement as to U.S. Patent Nos. 7,356,351 and 7,647,070 (collectively, "the Wireless Switch IP Patents").

2.      MediaTek USA admits that Plaintiff's Complaint contains allegations that MediaTek Inc., MediaTek USA, Seeed Development Limited, and Seeed Inc. "directly and

1   indirectly infringe the Wireless Switch IP Patents by making, using, offering for sale, importing,

2   and selling the MediaTek LinkIt™ Assist 2502 ('LinkIt Assist 2502') and inducing and

3   contributing to the infringement of others" and that Plaintiff seeks damages and other relief;

4   however, MediaTek USA denies the allegations of infringement as to MediaTek USA and states

5   that Plaintiff is not entitled to damages or any other relief from or against MediaTek USA.

6                                      **THE PARTIES**

7          3.      MediaTek USA lacks knowledge or information sufficient to form a belief about

8   the truth of the allegations of Paragraph 3 and, therefore, denies them pursuant to Fed. R. Civ. P.

9   8(b)(5).

10         4.      MediaTek USA admits the allegations of Paragraph 4.

11         5.      MediaTek USA admits that MediaTek USA is a corporation organized under the

12  laws of Delaware with its principal place of business at 2840 Junction Avenue, San Jose, CA

13  95134.  MediaTek USA denies that "MediaTek USA is a wholly-owned subsidiary of MediaTek

14  Inc." to the extent that allegation implies direct ownership of MediaTek USA by MediaTek Inc.

15  MediaTek USA objects to Plaintiff referring to MediaTek Inc. and MediaTek USA collectively as

16  "MediaTek" and objects to Plaintiff stating that all allegations "will apply equally to each

17  company as both are MediaTek entities" because the two companies are separate and distinct

18  legal entities that conduct separate and distinct business activities.  MediaTek USA is answering

19  Plaintiff's Complaint on its own behalf and not on behalf of any other entity such as MediaTek

20  Inc.  MediaTek USA denies the remaining allegations of Paragraph 5.

21         6.      MediaTek USA lacks knowledge or information sufficient to form a belief about

22  the truth of the allegations of Paragraph 6 and, therefore, denies them pursuant to Fed. R. Civ. P.

23  8(b)(5).

24         7.      MediaTek USA lacks knowledge or information sufficient to form a belief about

25  the truth of the allegations of Paragraph 7 and, therefore, denies them pursuant to Fed. R. Civ. P.

26  8(b)(5).

27

28

Case No. 3:17-cv-4232-JD                    2            MEDIATEK USA INC.'S ANSWER AND COUNTERCLAIMS

8.      MediaTek USA admits that a portion of MediaTek Inc.'s website states that "LinkIt Assist 2502" was "[c]o-designed with Seeed Studio."  *See https://labs.mediatek.com/en/platform/linkit-assist-2502*, at tab "HDK."  MediaTek USA denies the remaining allegations of Paragraph 8.

**JURISDICTION AND VENUE**

9.      MediaTek USA admits that Plaintiff's Complaint purports to state a cause of action for patent infringement under 35 U.S.C. § 1 *et seq.*, and thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     The allegations in Paragraph 10 that "[t]his Court has both general and specific personal jurisdiction over MediaTek [USA]" and MediaTek USA has "established minimum contacts with this forum such that the exercise of jurisdiction over [MediaTek USA] would not offend traditional notions of fair play and substantial justice" are allegations of law that require no response from MediaTek USA, but MediaTek USA nevertheless admits those allegations. MediaTek USA denies that MediaTek USA has "committed acts within the Northern District of California giving rise to this action" and that MediaTek USA "directly and through subsidiaries and intermediaries (including distributors, retailers, and others), ha[s] committed and continue[s] to commit acts of infringement in this District by, among other things, making, using, testing, selling, importing and/or offering for sale products that infringe the Wireless Switch IP Patents." MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 relating to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).  MediaTek USA denies the remaining allegations of Paragraph 10.

11.     MediaTek USA admits that MediaTek USA (a) "transact[s] and conduct[s] business in this District and the State of California, and [is] subject to the personal jurisdiction of this Court;" and (b) "has minimum contacts within the State of California and this District and has purposefully availed itself of the privileges of conducting business in the State of California and in this District by, inter alia, maintaining a regular and established place of business in this

1  District, in San Jose, CA." MediaTek USA denies the remainder of the allegations of Paragraph

2  11 that relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to

3  form a belief about the truth of the allegations of Paragraph 11 as to MediaTek Inc. and,

4  therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

5        12.     MediaTek USA lacks knowledge or information sufficient to form a belief about

6  the truth of the allegations of Paragraph 12 and, therefore, denies them pursuant to Fed. R. Civ. P.

7  8(b)(5).

8        13.     MediaTek USA admits "venue is proper in this district for MediaTek [USA] under

9  28 U.S.C. §§ 1391(b)-(d) and 1400(b) because MediaTek [USA] has transacted business in the

10  Northern District of California, [and] maintains a regular and established place of business in this

11  district."  MediaTek USA denies that it "has committed acts of direct and indirect infringement in

12  the Northern District of California."  MediaTek USA lacks knowledge or information sufficient

13  to form a belief about the truth of the allegations of Paragraph 13 as to MediaTek Inc. and,

14  therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

15        14.     MediaTek USA lacks knowledge or information sufficient to form a belief about

16  the truth of the allegations of Paragraph 14 and, therefore, denies them pursuant to Fed. R. Civ. P.

17  8(b)(5).

18  **INTRADISTRICT ASSIGNMENT**

19        15.     The statement in Paragraph 15 of the Complaint is an interpretation of the Local

20  Civil Rules to which MediaTek USA believes no response is required.

21  **COUNT I:  [ALLEGED] INFRINGEMENT OF THE '351 PATENT**

22        16.     MediaTek USA incorporates by reference Paragraphs 1-12 above.

23        17.     MediaTek USA lacks knowledge or information sufficient to form a belief about

24  the truth of the allegations of Paragraph 17 and, therefore, denies them pursuant to Fed. R. Civ. P.

25  8(b)(5).

26        18.     MediaTek USA admits that, on its face, U.S. Patent No. 7,356,351 ("the '351

27  patent") states that it was issued by the United States Patent and Trademark Office on April 8,

28

2008, and is entitled "Method and Apparatus for Disabling the RF Functionality of a Multi-Function Wireless Communication Device While Maintaining Local Functionality." MediaTek USA also admits that a copy of the '351 patent is attached as Exhibit A to the Complaint.

19.     The statement in Paragraph 19 is an issue of law to which MediaTek USA believes no response is required.

20.     MediaTek USA denies the allegations of Paragraph 20.

21.     MediaTek USA denies the allegations of Paragraph 21 as they relate to MediaTek USA. MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

22.     MediaTek USA denies the allegations of Paragraph 22 as they relate to MediaTek USA. MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

23.     MediaTek USA denies the allegations of Paragraph 23 as they relate to MediaTek USA. MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

24.     MediaTek USA denies the allegations of Paragraph 24 as they relate to MediaTek USA. MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

**COUNT 2:  [ALLEGED] INFRINGEMENT OF THE '070 PATENT**

25.     MediaTek USA incorporates by reference Paragraphs 1-21 above.

26.     MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

27.     MediaTek USA admits that, on its face, U.S. Patent No. 7,647,070 ("the '070 patent") states that it was issued by the United States Patent and Trademark Office on January 12, 2010, and is entitled "Method and Apparatus for Disabling the RF Functionality of a Multi-Function Wireless Communication Device While Maintaining Access to Local Functionality." MediaTek USA also admits that a copy of the '070 patent is attached as Exhibit B to the Complaint.

28.     The statement in Paragraph 28 is an issue of law to which MediaTek USA believes no response is required.

29.     MediaTek USA denies the allegations of Paragraph 29.

30.     MediaTek USA denies the allegations of Paragraph 30 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

31.     MediaTek USA denies the allegations of Paragraph 31 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

32.     MediaTek USA denies the allegations of Paragraph 32 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

33.     MediaTek USA denies the allegations of Paragraph 33 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

34.     MediaTek USA denies the allegations of Paragraph 34 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

1    of the allegations of Paragraph 34 as they relate to MediaTek Inc., Seeed Development Limited,

2    and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

3        35.    MediaTek USA denies the allegations of Paragraph 35 as they relate to MediaTek

4    USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

5    of the allegations of Paragraph 35 as they relate to MediaTek Inc., Seeed Development Limited,

6    and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

7        36.    MediaTek USA denies the allegations of Paragraph 36 as they relate to MediaTek

8    USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

9    of the allegations of Paragraph 36 as they relate to MediaTek Inc., Seeed Development Limited,

10   and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

11       37.    MediaTek USA denies the allegations of Paragraph 37 as they relate to MediaTek

12   USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

13   of the allegations of Paragraph 37 as they relate to MediaTek Inc., Seeed Development Limited,

14   and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

15       38.    MediaTek USA denies the allegations of Paragraph 38 as they relate to MediaTek

16   USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

17   of the allegations of Paragraph 38 as they relate to MediaTek Inc., Seeed Development Limited,

18   and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

19       39.    MediaTek USA denies the allegations of Paragraph 39 as they relate to MediaTek

20   USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

21   of the allegations of Paragraph 39 as they relate to MediaTek Inc., Seeed Development Limited,

22   and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

23       40.    MediaTek USA denies the allegations of Paragraph 40 as they relate to MediaTek

24   USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth

25   of the allegations of Paragraph 40 as they relate to MediaTek Inc., Seeed Development Limited,

26   and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

27

28

41.     MediaTek USA denies the allegations of Paragraph 41 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

42.     MediaTek USA denies the allegations of Paragraph 42 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

43.     MediaTek USA denies the allegations of Paragraph 43 as they relate to MediaTek USA.  MediaTek USA lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43 as they relate to MediaTek Inc., Seeed Development Limited, and Seeed Inc. and, therefore, denies them pursuant to Fed. R. Civ. P. 8(b)(5).

## PRAYER FOR RELIEF

MediaTek USA denies that Plaintiff is entitled to any of the relief requested in its "Prayer for Relief" or to any relief whatsoever.

## GENERAL DENIAL

MediaTek USA denies each and every allegation contained in the Complaint that was not specifically admitted above.

## ADDITIONAL DEFENSES

MediaTek USA alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the additional defenses described below, MediaTek USA reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE

## FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND DEFENSE

## NON-INFRINGEMENT OF THE '351 PATENT

MediaTek USA does not infringe and has not infringed (directly, contributorily, or by inducement) any valid claim of the '351 patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

## NON-INFRINGEMENT OF THE '070 PATENT

MediaTek USA does not infringe and has not infringed (directly, contributorily, or by inducement) any valid claim of the '070 patent, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE

## INVALIDITY OF THE '351 PATENT

The claims of the '351 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103, and 112 of Title 35 of the United States Code.

## FIFTH DEFENSE

## INVALIDITY OF THE '070 PATENT

The claims of the '070 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103, and 112 of Title 35 of the United States Code.

## OTHER DEFENSES AND ARGUMENTS RESERVED

MediaTek USA reserves the right to assert any other defenses that discovery may reveal and to present any facts or evidence that discovery may reveal in support of MediaTek USA's defenses and counterclaims herein.

## COUNTERCLAIMS

MediaTek USA incorporates herein by reference the admissions, allegations, denials, and "Additional Defenses" contained in its answer above as if fully set forth herein.  For its counterclaims against Plaintiff, MediaTek USA states as follows.

**THE PARTIES**

1.       Defendant MediaTek USA Inc. ("MediaTek USA") is a corporation organized under the laws of Delaware with its principal place of business at 2840 Junction Avenue, San Jose, CA 95134.

2.       Based on the allegations contained in the Complaint, Wireless Switch IP, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75201.

**JURISDICTION AND VENUE**

3.       MediaTek USA brings these counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 that (a) the '351 patent has not been infringed and is not being infringed by MediaTek USA, (b) the '070 patent has not been infringed and is not being infringed by MediaTek USA, (c) one or more claims of the '351 patent are invalid, and (d) one or more claims of the '070 patent are invalid.

4.       Subject to MediaTek USA's defenses and denials set forth above, MediaTek USA alleges that to the extent this Court has jurisdiction over Plaintiff's claims against MediaTek USA, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.       This Court has personal jurisdiction over Plaintiff.

6.       To the extent that venue in this District as to Plaintiff's claims is found to be proper, venue is proper in this District for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**FACTUAL BACKGROUND**

7.       In its Complaint, Plaintiff asserts that MediaTek USA has infringed and is infringing U.S. Patent Nos. 7,356,351 ("the '351 patent") and 7,647,070 ("the '070 patent").

8.       The '351 patent is invalid, is unenforceable by Plaintiff, and/or has not been and is not being infringed by MediaTek USA, either directly or indirectly, literally or under the doctrine of equivalents.

9.      The '070 patent is invalid, is unenforceable by Plaintiff, and/or has not been and is not being infringed by MediaTek USA, either directly or indirectly, literally or under the doctrine of equivalents.

10.     There is an actual case or controversy between MediaTek USA and Plaintiff over the invalidity, unenforceability by Plaintiff, and non-infringement of the '351 patent.

11.     There is an actual case or controversy between MediaTek USA and Plaintiff over the invalidity, unenforceability by Plaintiff, and non-infringement of the '070 patent.

## COUNTERCLAIM COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,356,351

12.     MediaTek USA restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

13.     An actual case or controversy exists between MediaTek USA and Plaintiff whether the '351 patent is not infringed by MediaTek USA.

14.     A judicial declaration is necessary and appropriate so that MediaTek USA may ascertain its rights regarding the '351 patent.

15.     MediaTek USA has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '351 patent.

## COUNTERCLAIM COUNT TWO

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,647,070

16.     MediaTek USA restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

17.     An actual case or controversy exists between MediaTek USA and Plaintiff whether the '070 patent is not infringed by MediaTek USA.

18.     A judicial declaration is necessary and appropriate so that MediaTek USA may ascertain its rights regarding the '070 patent.

19.     MediaTek USA has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '070 patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNTERCLAIM COUNT THREE**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,356,351**

20.     MediaTek USA restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

21.     An actual case or controversy exists between MediaTek USA and Plaintiff whether the claims of the '351 patent are invalid.

22.     A judicial declaration is necessary and appropriate so that MediaTek USA may ascertain its rights regarding the '351 patent.

23.     One or more claims of the '351 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNTERCLAIM COUNT FOUR**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,647,070**

24.     MediaTek USA restates and incorporates by reference its allegations in Paragraphs 1 through 11 of its Counterclaims.

25.     An actual case or controversy exists between MediaTek USA and Plaintiff whether the claims of the '070 patent are invalid.

26.     A judicial declaration is necessary and appropriate so that MediaTek USA may ascertain its rights regarding the '070 patent.

27.     One or more claims of the '070 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, MediaTek USA prays for judgment as follows:

1.  a judgment dismissing Plaintiff's Complaint against MediaTek USA with prejudice and denying all relief requested under said Complaint as against MediaTek USA;

2.  a judgment in favor of MediaTek USA on all of its Counterclaims;

1      3.   a declaration that MediaTek USA has not infringed, contributed to the infringement

2          of, or induced others to infringe, either directly or indirectly, any valid claim of the

3          '351 patent;

4      4.   a declaration that MediaTek USA has not infringed, contributed to the infringement

5          of, or induced others to infringe, either directly or indirectly, any valid claim of the

6          '070 patent;

7      5.   a declaration that one or more claims of the '351 patent are invalid;

8      6.   a declaration that one or more claims of the '070 patent are invalid;

9      7.   a declaration that this case is exceptional and an award to MediaTek USA of its

10         reasonable costs and expenses of litigation, including attorneys' fees and expert

11         witness fees; and

12      8.   such other and further relief as this Court may deem just and proper.

13 **DEMAND FOR JURY TRIAL**

14      In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a),

15 MediaTek USA respectfully demands a jury trial of all issues triable to a jury in this action.

16

17 Dated:  September 11, 2017        /s/  *Brandon H. Stroy*

18                           BRANDON H. STROY (SBN 289090)

                          bstroy@maynardcooper.com

19                           ALEXANDRA DRURY (SBN 291920)

                          adrury@maynardcooper.com

20                           MAYNARD, COOPER & GALE, LLP

                          600 Montgomery Street, Suite 2600

21                           San Francisco, CA  94111

                          Telephone:  (415) 646-4700

22                           Facsimile:  (205) 254-1999

23

24                           Attorneys for MediaTek Inc.

                          and MediaTek USA Inc.

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2017, the foregoing document was caused to be served on counsel for Plaintiff Wireless Switch IP, LLC via the Court's CM/ECF system and by email to the addresses shown below:

M. Elizabeth Day (eday@feinday.com)
David Alberti (dalberti@feinday.com)
Marc Belloli (mbelloli@feinday.com)
Sal Lim (slim@feinday.com)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025


/s/ *Brandon H. Stroy*
Brandon H. Stroy